IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL ALLEN ROTH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TOWN OF QUARTZSITE; JEFF GILBERT, and SONDRA GILBERT, husband and wife; RICK PATERSON; XAVIER FRAUSTO and TERRY FRAUSTO, husband and wife; INDIVIDUAL DOES I-X,<br><br>　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:12-cv-01268-PHX-SLG<br>)<br>) |

## ORDER REGARDING INITIAL CASE SCHEDULING & PLANNING CONFERENCE REPORT

Pursuant to Rules 16(b) and 26(f), Federal Rules of Civil Procedure, counsel and self-represented litigants must meet within 21 days from service of this order for the purpose of jointly completing a Scheduling and Conference Planning Report, using the format of the attached document.

Within 28 days from service of this order, counsel for plaintiff(s) shall serve and file the parties' report with the Court. If the plaintiff is self-represented, counsel for the defendant(s) shall serve and file the report.

In the event the parties to this case are currently engaged in settlement negotiations, counsel for plaintiff shall so advise the Court within seven days following the entry of this order, and shall specify the date by which the parties expect to conclude their settlement negotiations.

DATED this 18th day of October, 2012.

　　　　　　　　　　　　　　　　　　　　/s/ *Sharon L. Gleason*
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

(Attorney's name)
(Firm name)
(Street address)
(City, State, zip code)
(Telephone)
(Facsimile)
(e-mail address)

Attorney for (Party's name)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Plaintiff(s), | Case No. |
| vs. | **SCHEDULING AND PLANNING CONFERENCE REPORT** |
| Defendant(s). | |

I. **Meeting**. In accordance with Rule 26(f), Federal Rules of Civil Procedure, a meeting was held on (Date) and was attended by:

(Insert attorney's names and parties represented).

As a result of that meeting, the parties recommend the following:

II. **Disclosures**.

　　A.　The information required by Fed. R. Civ. P. 26(a)(1):

　　　　1.　_ Has been exchanged by the parties.

　　　　2.　_ Will be exchanged by the parties on or before (Date).

　　B.　Preliminary witness lists:

　　　　1.　_ Have been exchanged by the parties.

　　　　2.　_ Will be exchanged by the parties on or before (Date).

III. **Discovery Plan**. The parties jointly propose the following discovery plan:

　　A.　Are there issues about preserving discovery information?

　　　　_ Yes   _ No  (If yes, please identify issues).

Page 1

    B.    Disclosure or discovery of electronically stored information should be handled as follows: (Description of parties' proposal).

    C.    Claims of privilege or of protection of trial preparation materials:

        1.    _ There is no indication that this will be an issue.

        2.    _ The parties have entered into a confidentiality agreement.

        3.    _ The parties will submit their proposed confidentiality agreement on or before: (Date).

    D.    Disclosure of expert reports:

        1.    _ By all parties on or before: (Date).

        2.    _ By plaintiff(s) on or before: (Date); and by defendant(s) on or before: (Date).

        3.    _ Rebuttal reports on or before: (Date).

    E.    Supplementation of disclosures and discovery responses under Fed. R. Civ. P. 26(e):

        1.    _ At intervals of (Number) days; and final supplements will be served and filed 60 days before the close of fact discovery.

        2.    _ As new information is acquired, but not later than 60 days before the close of fact discovery.

    F.    A final witness list disclosing all lay and expert witnesses whom a party may wish to call at trial will be served and filed on or before: (Date).[1]

    G.    Time for completing discovery:

        1.    _ Fact discovery will be completed on or before: (Date); and expert discovery will be completed on or before: (Date).

        2.    _ All discovery will be completed on or before: (Date).

    In either case, the proposed discovery completion date should be no later than <u>nine months</u> from the date of this report, absent exceptional circumstances. If the parties agree that additional time for discovery will be necessary for this particular case, please explain: (Explanation). The Court may schedule a conference with the parties before the entry of a scheduling order in these circumstances.

---

[1] This date may be more than but not less than 45 days <u>prior to</u> the close of discovery. Only those witnesses disclosed on that final witness list will be permitted to testify at trial, unless otherwise ordered for good cause shown.

Page 2

H. Limitations on discovery.
1. The limitations contained in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below.
2. Depositions.
   a) The maximum number of depositions by each party will not exceed (Number).
   b) Depositions will not exceed (Number) hours as to any deponent.
   c) Depositions will not exceed (Number) hours as to non-party deponents, and will not exceed (Number) hours as to party deponents.[2]
3. The maximum number of interrogatories posed by each party will not exceed (Number).
4. The maximum number of requests for admissions posed by each party will not exceed (Number).
5. Other discovery limitations: (Insert other limitations).

IV. **Pretrial Motions**.
A. Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?  _ Yes _ No. (If yes, please explain).
B. Motions will be served and filed within the times specified in the applicable rules, except as follows:
   1. Motions to amend pleadings or add parties will be filed not later than (Date).
   2. Motions under the discovery rules will be filed not later than (Date).
   3. Motions *in limine* will be filed not later than (Date).
   4. Dispositive motions (including motions for summary judgment) will be filed not later than (Date).

---

[2] Unless otherwise specified, the Court will consider corporate officer, Rule 30(b)(6) witness, and expert witness depositions to be subject to the time limitation applicable to party depositions.

Page 3

V. **Other Provisions**.

    A. The parties _ do _ do not request a conference with the Court before the entry of a scheduling order.  If the parties *do* request a conference prior to entry of the order, please explain why a conference is requested: (Explanation).

    B. The parties _ do _ do not consent to trial before a Magistrate Judge.

    C. The disclosure requirements of Fed. R. Civ. P. 7.1, if applicable:

        1. __ Have been complied with.

        2. __ Compliance will be accomplished on or before (Date).

    D. Early settlement/alternative dispute resolution.

        1. Do the parties request immediate assistance by way of a settlement conference with another judicial officer? _ Yes _ No.  If yes, please explain: (Explanation).

        2. Do the parties wish to consider a settlement conference with a judicial officer of this court at a later date? _ Yes _ No.

VI. **Trial**.

    A. The case is expected to take (Number) _ days to try.

    B. A jury trial has been demanded:  _ Yes _ No.

    C. The parties __do __do not request the scheduling of a trial date at this time.  If a trial is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, with at least two of such proposed dates to be within 4 to 6 months from the close of all discovery. When a trial date is established, a pretrial order shall issue.

VII. **Report Form.**

    A. Have counsel experienced any problem(s) in using this form?

        __ Yes  __ No.  If yes, please explain: (Explanation).

    B. Are there any subjects that counsel would like to see added to this form?

        __ Yes  __ No.  If yes, please explain: (Explanation).

Dated:

                              (Signature block(s) for plaintiff's attorney)
                              (Signature block(s) for defendant's attorney)